**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| MERIH BITLER, | Civil Action No.: 2:08-cv-4023-CWH-BM |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | **Violation of Title VII-Harassment,** |
| | **Retaliation and Termination;** |
| HERITAGE TRUST FEDERAL | **Interference with Prospective** |
| CREDIT UNION, | **Contract Relations; Slander** |
| Defendant. | **JURY TRIAL DEMANDED** |

The plaintiff above named, complaining of the acts of the defendant, state as follows:

**PARTIES AND JURISDICTION**

1.  That the plaintiff Merih Bitler is citizen and resident of the County of Dorchester, State of South Carolina.

2.  That, upon information and belief, the defendant Heritage Trust Federal Credit Union is a financial institution existing under the laws of the State of South Carolina with headquarters in the County of Charleston, State of South Carolina.

3.  That this court has federal question jurisdiction pursuant to 42 U.S.C. §2000e-2, 42 U.S.C. §2000e-3, 42 U.S.C. §2000e-5, and 28 U.S.C. §1331.

4.  That venue for all causes of action stated herein lies in the District of South Carolina, Charleston Division, in that pursuant to 28 U.S.C. § 1391(b), the defendant resides in this district, and a substantial part of the events giving rise to plaintiff's claims occurred here.

1

**CONDITIONS PRECEDENT**

5. That plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of the foregoing action, all of which are more fully described below.

6. That on or about December 3, 2007, and as result of defendant's discriminatory conduct, all of which is more fully described below, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and harassment based upon race, national origin, religion, gender and retaliation.

7. That on or about September 19, 2008, plaintiff received a Right to Sue Notice from the EEOC regarding the complaint described above in paragraph 6.

8. That plaintiff has timely filed the foregoing action within ninety (90) days of the date on which she received the notice of Right to Sue described above in Paragraph 7.

**FACTS**

9. That plaintiff is a United States citizen from Turkey.

10. That plaintiff was raised Muslim, but is now atheist.

11. That because of plaintiff's Turkish origin, she speaks with an accent.

12. That on or about July 29, 2005, defendant hired plaintiff as a teller.

13. That during her employment with defendant, plaintiff received several promotions and pay raises.

14. That most recently, on or about December 11, 2006, defendant promoted plaintiff to the position of mortgage processor. In or around March of 2007 plaintiff was given additional duties as a closer.

2

15. That at all times during her employment with defendant, plaintiff performed her job duties in an above-average fashion and otherwise maintained an acceptable employment record.

16. That in or around February of 2007, Kim Daniel ("Daniel"), a Caucasian female, became plaintiff's manager.

17. That shortly thereafter, Daniel began to harass and discriminate against plaintiff because of plaintiff's race, national origin, religion and sex.

18. That Daniel would make fun of plaintiff's accent and the way plaintiff spoke. Sometimes Daniel would do so in front of other employees so that Daniel and the other employees would laugh together at plaintiff.

19. That oftentimes Daniel made fun of plaintiff in front of another loan officer, David Turisk ("Turisk"). Turisk would then begin to harass plaintiff as well, in front of Daniel.

20. That instead of reprimanding Turisk, Daniel would laugh and encourage the harassment/discrimination.

21. That on or about April 19, 2007, Daniel called plaintiff into her office and advised plaintiff that plaintiff was not cut out for her job because of the way she spoke. Specifically, Daniel advised plaintiff that she did not use proper grammar; she did not use adjectives; she spoke too fast; and, that due to her accent, no one could understand her. All of the above comments related to plaintiff's race and national origin.

22. That after the above meeting, Daniel repeatedly called plaintiff into her office and berated her over trivial and false matters.

23. That also in the spring of 2007, Daniel asked plaintiff if she believed in God. When plaintiff stated she did not, Daniel became upset.

24. That thereafter, Daniel repeatedly questioned plaintiff about her religious beliefs.

25. That on at least two occasions in March 2007, Daniel lectured plaintiff, behind closed doors, about Christianity.

26. That in or around April 2007, Daniel prayed for plaintiff, out loud, in front of plaintiff.

27. That Daniel constantly urged plaintiff to pray.

28. That in addition to all of the above, Turisk began to sexually harass plaintiff by making repeated sexual remarks to plaintiff and by repeatedly asking her to go out with him.

29. That Daniel witnessed Turisk's sexual harassment of plaintiff, but refused to take steps to end it.

30. That Daniel would give plaintiff fewer and more difficult loans to work on than other employees that she supervised.

31. That in or around the end of April 2007, plaintiff complained about the discrimination and harassment to defendant's human resource department.

32. That in or around early May of 2007, plaintiff complained about the discrimination and harassment to defendant's vice-president of lending.

33. That despite the above, the discrimination and harassment by Daniel and Turisk continued.

34. That plaintiff continued to complain to defendant's human resource department about the discrimination and harassment, to no avail.

35. That in or around June of 2007, and due to the non-stop harassment and discrimination, plaintiff applied for employment with a company in Alaska.

36. That when the company called defendant for a reference, Daniel gave the company a negative and false reference, which caused the company not to hire plaintiff.

37. That on or about Friday, July 13, 2007, plaintiff again complained to defendant's human resource department – this time to the vice-president of human resources.

38. That on or about July 17, 2007, defendant terminated plaintiff for trivial and false reasons.

### FOR A FIRST CAUSE OF ACTION:
### VIOLATION OF TITLE VII
### HARASSMENT/HOSTILE ENVIRONMENT
### BASED ON RACE, NATIONAL ORIGIN, SEX AND RELIGION

39. That the plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 through 38 hereinabove as fully as if set forth verbatim.

40. That defendant's conduct as described above was unwelcome, and plaintiff so advised defendant.

41. That said harassment described above was based on plaintiff's race, national origin, sex and religion.

42. That defendant's behavior humiliated plaintiff, unreasonably interfered with her work performance, affected the terms, conditions and privileges of her employment and otherwise caused plaintiff severe psychological and physical harm.

43. That defendant's actions as alleged above created a work environment that plaintiff found, and a reasonable person would find, hostile and abusive.

44. That plaintiff complained about the above-described harassment directly to defendant.

5

45. That despite plaintiff's complaints as set forth above, defendant continued to harass plaintiff, and defendant wholly failed to take prompt and effective remedial action to end the harassment.

46. That the actions of defendant constitute discrimination against plaintiff in violation of Title VII and the Civil Rights Act of 1991.

47. That as a result of the above, plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical injuries, and further seeks attorney's fees and costs and prejudgment interest.

48. That the defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the plaintiff, and therefore plaintiff is entitled to recover punitive damages from the defendant.

**FOR A SECOND CAUSE OF ACTION:**
**VIOLATION OF TITLE VII**
**RETALIATION**

49. That the plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 through 48 hereinabove as fully as if set forth verbatim.

50. That as alleged above, the plaintiff complained to the defendant on several occasions that she was being discriminated against due to her race, national origin, sex and religion.

51. That plaintiff's complaints were made in good faith, and constitute protected activity under Title VII.

52. That, as alleged above, plaintiff performed her job duties at defendant in a manner which met the reasonable expectations of defendant.

53. That, despite the above, shortly after making the said complaints of discrimination, defendant gave plaintiff false and negative employment references and terminated plaintiff.

54. That defendant gave plaintiff false and negative employment references and terminated plaintiff because plaintiff made complaints of harassment and discrimination, and because plaintiff opposed discrimination, all of which is in violation of 42 U.S.C. § 2000e-3.

55. That as a result of the above, plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical injuries, and further seeks attorney's fees and costs and prejudgment interest.

56. That the defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the plaintiff, and therefore plaintiff is entitled to recover punitive damages from the defendant.

**FOR A THIRD CAUSE OF ACTION:**
**VIOLATION OF TITLE VII**
**TERMINATION BASED UPON RACE,**
**NATIONAL ORIGIN, SEX AND RELIGION**

57. That the plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 through 56 hereinabove as fully as if set forth verbatim.

58. That as alleged, plaintiff performed her job in a manner which met the reasonable expectations of the defendant.

59. That despite the above, defendant gave plaintiff false and negative employment references and terminated plaintiff due to her race, national origin, sex and religion.

60. That as a result of the above, plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical injuries, and further seeks attorney's fees and costs and prejudgment interest.

61. That the defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the plaintiff, and therefore plaintiff is entitled to recover punitive damages from the defendant.

### FOR A FOURTH CAUSE OF ACTION: INTERFERENCE WITH PROSPECTIVE CONTRACT RELATIONS

62. That the plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 though 61 hereinabove as fully as if set forth verbatim.

63. That plaintiff had prospective contractual relationships with potential employers, in particular the company in Alaska that plaintiff applied to in June of 2007.

64. That defendant was aware of plaintiff's prospective contractual relationships with said employers.

8

65. That defendant intentionally interfered with plaintiff's prospective contractual relationships by giving plaintiff's prospective employer a false and negative reference on plaintiff which, in turn, caused the said employer to not hire plaintiff.

66. That defendant's actions as set forth above lacked justification, were for an improper purpose and were accompanied by improper methods under the circumstances.

67. That as a direct result of the above, plaintiff suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, emotional distress, pain and suffering, loss of enjoyment of life, anxiety, inconvenience, loss of professional standing, character and reputation, physical injuries, embarrassment, humiliation, the costs and disbursements of this action, and prejudgment interest.

68. That defendant's conduct, as alleged above, was undertaken intentionally, willfully, wantonly, maliciously, recklessly, and with utter disregard for the rights of plaintiff and, therefore, plaintiff is entitled to recover punitive damages from defendant.

### FOR A FIFTH CAUSE OF ACTION: SLANDER PER SE

69. That the plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 though 68 hereinabove as fully as if set forth verbatim.

70. That defendant gave false and negative employment references on plaintiff to a company/employer in Alaska which, in turn, caused the said employer to not hire plaintiff.

71. That all of the statements or publications referred to above concerned the plaintiff, are false and were made by defendant without justification.

72. That the statements referred to above are defamatory per-se, in that they allege plaintiff is unfit to carry on her given trade and profession.

9

73. That defendant's publications as outlined above had a defamatory and slanderous meaning, impeached the honesty and integrity of the plaintiff and thereby exposed her to public hatred, contempt, ridicule, and caused her to be shunned and avoided and to suffer loss to her reputation, embarrassment, humiliation, emotional distress, pain and suffering, and loss of enjoyment of life.

74. That defendant's actions as outlined above resulted in special, general, and presumed damages to the plaintiff.

75. That as a direct result of defendant's actions as set forth above, plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, loss of reputation, emotional distress, pain and suffering, loss of enjoyment of life, anxiety, inconvenience, mental anguish, loss to professional standing, character and reputation, physical and personal injuries and embarrassment and humiliation.

76. That defendant's conduct was undertaken intentionally, willfully, wantonly, recklessly, with gross negligence and in utter disregard to plaintiff's rights and, therefore, plaintiff is entitled to recover punitive damages from the defendant.

WHEREFORE, plaintiff prays for the following relief against defendant:

(a) As to plaintiff's First, Second and Third Causes of Action, for such an amount of actual and special damages as the trier of fact may find, (including lost back and future wages, income and benefits, expenses associated with finding other work, severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation and physical injuries), punitive damages, the cost and disbursements of this action, including reasonable attorney's fees, prejudgment interest and for such other and

further relief as the court deems just and proper;

        (b)    As to plaintiff's Fourth and Fifth Causes of Action, for such an amount of actual, special and punitive damages as the trier of fact may find, the costs and disbursements of this action, and for such other and further relief as the court deems just and proper.

        HITCHCOCK & POTTS

        By:  *s/A. Christopher Potts*
        Federal ID No.:  5517
        31 Broad Street (P.O. Box 1113)
        Charleston, SC 29401 (29402)
        Telephone:  (843) 577-5000
        Fax:  (843) 722-8512
        E-Mail:  hitchp@bellsouth.net
        ***Attorneys for the Plaintiff***

Charleston, South Carolina
December 15, 2008